UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REGIONS INSURANCE, INC.

VERSUS

ACE PROPERTY & CASUALTY
INSURANCE COMPANY AND
LOGGERS' INSURANCE, INC.

CIVIL ACTION

NO.: 14-00198-BAJ-RLB

## RULING AND ORDER

Before the Court is Defendant ACE Property & Casualty Insurance Company ("Ace")'s **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 10)**. Plaintiff Regions Insurance, Inc. ("Regions") has filed a memorandum in opposition to Ace's Motion to Dismiss. (*See* Doc. 17). With the Court's leave, Ace has filed a reply to Regions's opposition, (*see* Doc. 23), and Regions has filed a sur-reply, (*see* Doc. 24). The Court has jurisdiction pursuant to 28 U.S.C. § 1332. Oral argument is not necessary. For reasons explained herein, Ace's motion to dismiss is **DENIED**.

### I. BACKGROUND

Regions, an insurance services provider, had executed underinsured/uninsured motorist coverage ("UM coverage") rejection forms, the validity of which was disputed in two state court lawsuits (herein referred to as the "Abshire suit" and the "Kahn suit") filed against Defendant Ace and Defendant Loggers' Insurance ("Loggers") (collectively, "Defendants") in the Fourteenth

1

Judicial District Court, Parish of Calcasieu, Louisiana.[1] (*See* Doc. 1). On April 3, 2014, Regions filed a Complaint for Declaratory Judgment in this Court, seeking a declaration that Regions is not liable to Defendants for amounts that Defendants expended to settle and defend claims related to UM coverage policies issued by Defendants. (*See id.*).

In the instant motion, which the Court construes as a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(1) although Ace did not cite the Rule in its motion, Ace argues that this matter is not ripe for judicial review and, as such, must be dismissed. Specifically, Ace asserts that the issues are not fit for judicial decision because an arbitration proceeding between Ace and Loggers, which was invoked by Ace subsequent to the filing of this suit, will develop the factual record and "could completely eliminate the possibility of any claim against Regions by any party." (Doc. 10-1 at p. 6). Ace also posits that Regions would not suffer undue hardship should the Court withhold its consideration. (*Id.* at pp. 6–7). Regions, however, responds that subject matter jurisdiction is determined by the facts as they exist at the time of the Complaint's filing, in this case before the commencement of arbitration proceedings, and further argues that an actual controversy exists and is ripe for review. (Doc. 17). Ace and Regions each counter with additional arguments through respective reply and sur-reply pleadings, (Docs. 23, 24), in relevant part discussing the relationship between ripeness and subject matter jurisdiction.

---

[1] Both Ace and Loggers were named as defendants in the Abshire suit, (Doc. 1 at ¶ 6), while Ace and two entities who are not parties to the instant matter were named as defendants in the Kahn suit, (*id.* at ¶ 32).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).

"Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . ." *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807, (2003) (quotation marks and citation omitted). "[R]ipeness" is a "jurisdictional issue[]" pertaining to "whether the suit is being brought at the proper time." *Texas v. United States*, 497 F.3d 491, 496 (5th Cir. 2007). A case is ripe when it is no longer "abstract or hypothetical," and the key considerations are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987) (citations omitted).

## III. DISCUSSION

The crux of Ace's motion to dismiss is that the matter is not ripe for judicial review because the two Defendants, Ace and Loggers, are presently engaged in a mandatory and binding arbitration proceeding that is "designed to conclusively

negate at least one of the actions anticipated by this suit." (Doc. 10 at p. 1). The basis of Ace's demand for arbitration stems from a dispute regarding the respective duties of Ace and Loggers in the Abshire suit and the Kahn suit. (Doc. 10-4 at pp. 3–8). Regions is not a party to the arbitration proceeding, nor has any party contended that Regions is legally bound to participate. Before the Court may evaluate the ripeness of the instant matter, it must establish at the outset whether it is limited to the facts in existence at the time of the Complaint's filing, or whether it may consider developments after the Complaint's filing—including the initiation and continuation of arbitration.

### A. When to Evaluate Ripeness

The parties do not dispute that this arbitration proceeding was initiated after Regions filed the Complaint in the instant case. (*See* Doc. 23 at p.1 (Ace's demand for arbitration was made on April 18, 2014)). There is a temporal question, then, of what facts should be considered in the Court's analysis of ripeness. If the Court must consider only facts in existence at the time of the Complaint's filing, then the current arbitration proceeding between Ace and Loggers will have no bearing on the Court's determination of subject matter jurisdiction. If, on the contrary, the Court may consider the posture of the case after the Complaint's filing, the current arbitration proceeding is indeed relevant to the question of ripeness.

As a preliminary matter, the Court acknowledges that some confusion may arise in the conflation of the doctrines of standing and ripeness, both of which are elements of subject matter jurisdiction and admittedly often overlap. *See Texas v.*

*United States*, 497 F.3d 491, 496 (5th Cir. 2007). In identifying a distinction between the two, sister district courts in the Fifth Circuit hold that "[w]hile standing to sue is assessed at the time of filing the complaint, in determining ripeness, a court may consider events that occurred after the filing of the complaint." *Roman Catholic Diocese of Dallas v. Sebelius*, 927 F. Supp. 2d 406, 424 (N.D. Tex. 2013). Because "ripeness is peculiarly a question of timing," a change in circumstance may alter the posture of the case for a ripeness analysis. *See Blanchette v. Conn. Gen. Ins. Corps.*, 419 U.S. 102, 140 (1974).

While Regions points to *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), in support of the proposition that the existence of federal jurisdiction depends solely upon facts as they exist when a complaint is filed, the Court here notes that, importantly, *Lujan* was concerned with standing and did not address ripeness.[2] Regions fails to direct the Court to precedent within the Fifth Circuit—and the Court is aware of none—which prohibits or discourages the Court from considering developments after the filing of the Complaint evaluating *ripeness*, separate from other aspects of subject matter jurisdiction.[3]

Accordingly, this Court shall take into account the ongoing arbitration proceeding between Ace and Loggers, which forms the basis for Ace's instant

---

[2] Furthermore, the U.S. Supreme Court in *Lujan* affirmed the necessity to continue to prove the existence of subject matter jurisdiction at successive stages of litigation, by meeting increasing burdens of proof. *Lujan*, 504 U.S. at 561. *Lujan* dispenses with any notion that jurisdiction, if present at the filing of the complaint, necessarily remains static until the termination of the case.

[3] The case of *Carney v. Resolution Trust Corp.*, 19 F.3d 950 (5th Cir. 1994), cited by Regions, (*see* Doc. 17 at p. 5 n.23), does not concern ripeness but instead an exhaustion-of-remedies jurisdictional bar of a federal statute. Additionally, the decisions of district courts in Hawaii, Washington, and Wisconsin, (*id.* at p. 5 n.24; Doc. 24 at p. 3 n.10), are not binding on—or persuasive to—the Court here.

motion, and will advance to an analysis of whether the instant action is ripe for adjudication.

## B. Ripeness Test

A case is ripe when it is no longer "abstract or hypothetical," and the key considerations in a test for ripeness are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *New Orleans Public Serv., Inc.*, 833 F.2d at 586. "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *Id.* A declaratory judgment case, by its nature, is intended to offer an early resolution of legal rights. The Fifth Circuit recognizes that "applying the ripeness doctrine in the declaratory judgment context presents a unique challenge." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000). A declaratory judgment action is ripe for adjudication only where an "actual controversy" exists. *See* 28 U.S.C. § 2201(a). An actual controversy exists where "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Orix Credit Alliance*, 212 F.3d at 896. Accordingly, the Court proceeds to evaluate in turn the fitness of issues, as evidenced by the existence of an actual controversy, and the hardship to the parties should consideration be withheld.

### 1. *Actual Controversy*

In the instant matter, Regions filed its Complaint for Declaratory Judgment seeking a judicial determination that Regions is not liable for defense costs incurred

by or indemnity related to payments made by Defendants in the Abshire suit or the Kahn suit. Ace argues that the issues are unfit for judicial consideration because Ace and Loggers are currently engaged in arbitration to determine whether Loggers is liable under its contract with Ace, affecting the determination of which of the two parties, if either, has a claim against Regions. (Doc. 10-1 at p. 4). Ace explains that should the arbitration panel find that Ace did not suffer any damages, or should it order Loggers to indemnify Ace, then Ace would have no cause of action against Regions. (Doc. 10-1 at p.3). Ace asserts that "[n]either Ace nor Loggers will know if they have suffered any damages until the pending arbitration is complete." (Doc. 23 at p. 5). In other words, Ace's position is that the issues are unfit for judicial review because arbitration *could* eliminate the possibility of either Ace or Loggers having a viable claim against Regions.

Yet ripeness in a declaratory judgment action does not require the absolute certainty of litigation. "The threat of litigation, if specific and concrete, can indeed establish a controversy upon which declaratory judgment can be based. . . . The fact that the filing of the lawsuit is contingent upon certain factors does not defeat jurisdiction over a declaratory judgment action." *Orix Credit Alliance*, 212 F.3d at 897. In determining the justiciability of the instant matter, the Court must take into account the likelihood that these contingencies will occur. *See id.*

It is evident in the record that the threat of litigation by Ace and Loggers against Regions is specific and concrete, as Regions has already been subject to threats of litigation, which have been codified in writing, from both Ace and

Loggers. While the Abshire suit was pending, counsel on behalf of Ace sent a letter notifying Regions that if Regions did not undertake Ace's defense and indemnify Ace, Regions would risk Ace filing a third-party claim against it. (Doc. 10-5). In addition, Loggers made a formal demand upon Regions to reimburse Ace for payment made in both the Abshire suit and the Kahn suit. (Doc. 10-3). And in what certainly rises beyond a mere abstraction of a claim against Regions, Loggers filed a counterclaim against Regions in the instant matter, seeking defense and indemnity from Regions for "adverse consequences" related to the Abshire suit and the Kahn suit. (Doc. 14 at pp. 15–16).

The only contingency preventing Ace from filing suit is the outcome of arbitration between Ace and Loggers. Although the Court today holds, *supra*, that it may consider developments after the Complaint's filing when evaluating ripeness, the existence of ongoing arbitration between Defendants is not in itself a bar to a finding of ripeness, particularly in this case where Regions is not a party to the arbitration. Ace and Loggers are not prevented from filing claims against Regions during the pendency of arbitration. Indeed, Loggers has already filed a counterclaim for indemnity and defense, and Ace has not convinced the Court that it is somehow prevented from similarly filing a counterclaim.[4]

---

[4] Ace avers that the invocation of arbitration has changed circumstances "substantially" since Ace's counsel, on behalf of Ace, sent its written demand, (Doc. 10-5), to Regions. (Doc. 10-1 at p. 6). Yet Ace does not contend that it is legally precluded from filing suit against Regions, even while arbitration is pending.

In its reply memorandum to Regions's opposition, Ace stated that it would agree to a judicial stipulation that Ace's claims against Regions would be barred unless the arbitration panel ruled against Ace in Ace's pending arbitration with Loggers. (Doc. 23 at p. 5, Doc. 23-3). If the parties, of their own accord, jointly filed such a stipulation, the Court would likely defer judgment on the issue of whether an actual controversy exists until the resolution of arbitration. It is not the role of the

The pending arbitration is designed to produce a legal determination of damages suffered by Ace and Loggers and the relative liability between those parties. The arbitration panel's decision shall be a legal determination as to facts already fully developed. Ace has not identified any further factual development necessary concerning the acts allegedly creating the liability from which Regions seeks to be absolved in the instant matter.

Accordingly, the Court finds that Regions seeks the Court's declaratory judgment concerning an actual controversy, such that the issues are fit for judicial review.

2. *Hardship*

Ace further argues that Regions would suffer no hardship if the Court were to withhold judicial consideration, because Regions "might be spared the need to participate in any litigation" or might face "a less complicated litigation" depending on the arbitration panel's findings. (Doc. 10-1 at p. 7). Ace contends that Regions "merely wants to immediately know if it is going to have to contribute to any damages sustained by Ace for the alleged use of defective UM waivers." (*Id.*).

"The [U.S.] Supreme Court has found hardship to inhere in legal harms, such as the harmful creation of legal rights or obligations; practical harms on the interests advanced by the party seeking relief; and the harm of being 'forced to modify one's behavior in order to avoid future adverse consequences.'" *Choice Inc. of*

---

Court, however, to artificially suppress ripeness in a case in which ripeness would otherwise exist. Thus, the Court refuses to impose the judicial stipulation advocated by Ace.

9

*Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (*Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 734 (1998)) (alterations omitted).

Regions has not contended that it has been forced to modify its behavior due to the threat of litigation, but it argues that withholding judicial consideration will force Regions to wait "while defense costs and interest for which Regions may ultimately be responsible continue to pile up." (Doc. 17 at p. 9). Regions also asserts that, because there is a "substantial likelihood that the parties will attempt to subpoena Regions in the arbitration," it has brought the instant declaratory judgment action to avoid duplicative litigation. (*Id.*). Considering the Court's finding, *supra*, that the current threat of litigation against Regions has sufficiently crystallized into an actual controversy, the Court is persuaded that Regions would suffer a substantial hardship should it be forced to wait until the termination of Ace's and Loggers's arbitration to seek a declaration of rights.

To reach this finding, the Court has considered the substance of Regions's prayer for declaratory judgment: Regions seeks a judicial determination regarding its obligation to indemnify Ace and Loggers, or pay for their defense costs, for litigation related to UM waivers in the Abshire suit and the Kahn suit. The current arbitration proceeding between Ace and Loggers concerns the Abshire suit and the Kahn suit, (Doc. 10-4 at pp. 3–8), and costs borne by both parties to participate in the arbitration are relevant to a calculation of Regions's liability to Ace and Loggers. Nowhere in Ace's instant motion, nor in the filings in response to or in

further support of Ace's instant motion, is there an estimation of the duration of arbitration proceedings.

The Court recognizes that the outcome of arbitration is uncertain, and it is possible that neither Ace nor Loggers will file a complaint against Regions (although, again, Loggers has already filed a counterclaim against Regions in the instant case (*see* Doc. 14)). However, to require Regions to wait a potentially long amount of time for the resolution of arbitration is to require Regions to roll the dice on the outcome of arbitration, at the risk of greater indemnification amounts and defense costs in the future. Furthermore, the Court's review at this point could obviate a subpoena to Regions to participate in arbitration. Thus, Regions has a strong reason to bring its challenge now in order to obtain declaratory judgment.

For the reasons stated herein, the Court concludes that the withholding of judicial consideration would present a substantial hardship to Regions.

## IV. CONCLUSION

Accordingly,

Defendant ACE Property & Casualty Insurance Company's **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 10) is DENIED.**

Baton Rouge, Louisiana, this 21ST day of January, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**